**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**GEORGE M. CHAVIS, 91-A-3261,**

                              **Plaintiff,**                    **06-CV-0543Sr**

**v.**

**P. CHAPPIUS et al.,**

                              **Defendants.**

---

## DECISION AND ORDER

          Plaintiff has filed a motion for appointment of counsel.  Dkt. #12.  In

support of the motion, plaintiff states that he is hindered from effectively prosecuting the

claim due to the court's prejudice and notes that conflicting evidence in the case will

require extensive cross examination of defendants and examination of inmate

witnesses at risk of physical injury.  Dkt. #12.


          There is no constitutional right to appointed counsel in civil cases.

However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent

litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865

F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the

judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to

be considered in deciding whether or not to assign counsel include the following:

          1.          Whether the indigent's claims seem likely to be of substance;

2.      Whether the indigent is able to investigate the crucial facts
        concerning his claim;

3.      Whether conflicting evidence implicating the need for cross-
        examination will be the major proof presented to the fact finder;

4.      Whether the legal issues involved are complex; and

5.      Whether there are any special reasons why appointment of
        counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).


        The Court must consider the issue of appointment carefully, of course,

because "every assignment of a volunteer lawyer to an undeserving client deprives

society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti*

*Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the

"likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877

F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel

should not be appointed in a case where the merits of the . . . claim are thin and his

chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*,

243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal

was not frivolous but nevertheless appeared to have little merit).


        Plaintiff has demonstrated a capacity to inform the court of the factual

allegations supporting his legal claims and the Court does not doubt that he has the

ability to articulate those allegations in an amended complaint.  At the moment,

however, there is no operative complaint from which the court can assess the merits of

plaintiff's claims.  Thus, the Court denies plaintiff's motion for appointment of counsel

as premature.


**SO ORDERED.**


DATED:        Buffalo, New York
              September 30, 2011


                            **S/ H. Kenneth Schroeder, Jr.**
                            **H. KENNETH SCHROEDER, JR.**
                            **United States Magistrate Judge**