PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GEORGE CHAVIS, 91-A-3261,

        Plaintiff,                                  06-CV-0543S(Sr)
                                                             ORDER
   -v-

P. CHAPPIUS, et al.,

        Defendants.

_____

**INTRODUCTION**

        This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. (Docket No. 22.)

        Following a long and complicated procedural history, including a remand from the United States Court of Appeals for the Second Circuit vacating this Court's denial of plaintiff's motion to proceed *in forma pauperis* pursuant to the three-strikes rule, 28 U.S.C. § 1915(g), and the filing of two amended complaints, the Court (Hon. William M. Skretny), on March 31, 2015, entered a Decision and Order which, *inter alia*, granted plaintiff permission to proceed *in forma pauperis*, dismissed with prejudice a number of claims against a number of defendants, dismissed without prejudice to the filing of an amended complaint, if plaintiff wished, a number of claims against a number of defendants[1] and directed the Clerk of the Court to cause the Summons and Second Amended Complaint to be served upon the remaining defendants: P. Chappius, M. DeLauro, P. Jayne, M. Deburgomaster, J. Squires, J. Litwiler, E. Delaney, T. Morton, T. Hana, M. Miles, Ward, P. Corcoran, S. Wenderline, M. Bradt, L. Hale, Mr. Fitz, J.

---

[1] The Court noted that if plaintiff sought to pursue one or more of the claims dismissed **without** prejudice he could file a Motion to File a Third Amended Complaint and attach to said Motion a proposed Third Amended Complaint, pursuant to Fed.R.Civ.P. 15(a)(2) and Loc.R.Civ.P. 15(a). Plaintiff was advised specifically that any proposed Third Amended Complaint shall **not** include any of the defendants who had been dismissed with prejudice. (Docket No. 23, Decision and Order, at 37, n.12.)

Whitford, W. Murray, J. Esgrow, D. Selsky and R. Barnard.  (Docket No. 23, Decision and Order ("March 31, 2015 Decision and Order".)

On or about August 12, 2015, the Clerk of the Court forwarded to plaintiff a Notice, along with a number of blank Summonses and United States Marshals Service Receipt and Return of Process Forms (USM-285) ("Marshal Forms"), advising plaintiff to complete the necessary number of Summonses and Marshal Forms for the remaining defendants and return them to the Clerk's Office so that the Marshals Service could serve the Summons and Second Amended Complaint on the remaining defendants.  Shortly thereafter, plaintiff submitted a Letter to the Clerk of the Court claiming he "need[ed] a TRO/Injunction/Assigned Counsel[.]"  The Letter was docketed as a Motion for a Temporary Restraining Order ("TRO"), Motion for Preliminary Injunction and a Motion to Appoint Counsel.  (Docket No. 24, "First Motion".)  On November 16, 2016, plaintiff filed another Motion to Appoint Counsel and for Injunctive Relief. (Docket No. 25, "Second Motion.")

The First Motion claims that a "serious dilemma exists" at the Auburn Correctional Facility ("Auburn C.F." ) in that plaintiff is being denied access to the courts because Auburn C.F. does not allow him access to the prison law library and legal supplies, including pens, sufficient type-writer and writing paper with lines, carbon paper and envelopes. He apparently claims that he cannot prepare a motion to amend the complaint a third time without the necessary legal supplies he is being denied by "redneck and deliberate[] violations intentionally committed against [him] here—I am being stabilized in a protective custody unit (after suffering a confederate defendant officer attack until unconsciousness !!!")  ((Docket No. 24.)

Plaintiff's First Motion also indicates that he intends to amend his claims a third time as to those defendants who have been dismissed without prejudice and asks if he needs to file an amended complaint against those defendants who have not been dismissed or only for those defendants who have been dismissed without prejudice. He further notes that, with respect to those defendants who have been dismissed with prejudice, "they should not have been and [he] demand[s] that they be included back into my claims."[2] (Docket No. 24.)

Plaintiff's Second Motion notes that he needs assigned counsel immediately "for obtaining an emergency injunction relief/TRO including the return of [his] actively pending legal defendants against all defendants in this [action] . . . ." (Docket No. 25, "Motion to Appoint Counsel") (emphasis in original). He claims his legal documents for this action, including Marshal Forms (presumably the ones forwarded to him back in August 2015 and not yet returned to the Court), grievance documents and "every other document concerning this valid claim," were confiscated on October 29, 2015, when he was taken from his Involuntary Protective Custody ("IPC") cell and placed in the Special Housing Unit in retaliation for filing a grievance. When he was returned to his IPC cell on November 4, 2015, none of his four property drafts bags had been returned and when the draft bags were returned to him a couple of weeks later, one of the property bags that contained actively pending legal documents was missing. Without these legal documents, plaintiff claims he cannot proceed with his claims herein without the assignment of counsel and injunctive relief directing Auburn C.F. official to return all of his documents.

---

[2] Plaintiff's proposed Third Amended Complaint, which must be attached to a Motion to File a Third Amended Complaint, must include both the claims against the defendants against whom this case is proceeding--*i.e.*, the "remaining defendants"--and those claims against those defendants who have been dismissed without prejudice and that plaintiff wishes to amend his dismissed claims against. *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.") (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

The proposed Third Amended Complaint must **not** include those claims against those defendants who have been dismissed from this action with prejudice.

For the following reasons, (1) the Court will direct the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997), to provide addresses at which each of the remaining defendants can be served so that the Clerk of the Court can complete the necessary Summonses and Marshal Forms and cause the Marshals Service to serve the Summons, Second Amended Complaint, March 31, 2015 Decision and Order and this Order upon the remaining defendants, as directed by the March 31, 2015 Decision and Order, and (2) plaintiff's Motions for a TRO, Preliminary Injunction and to Appoint Counsel are denied without prejudice to re-filing upon service of the Summons and Second Amended Complaint upon one or more of the remaining defendants and an appearance by one or more of the defendants served.

## DISCUSSION

A. **Service**

As noted, the Court had directed the Clerk of the Court to cause the Marshals Service to affect service of the Summons and Second Amended Complaint upon the remaining defendants and, pursuant to the Clerk's Office's procedures at that time, plaintiff was forwarded a Notice to complete and return the necessary number of Summonses and Marshal Forms so that the Marshals Service could serve the Summons and Second Amended Complaint upon the remaining defendants.  Plaintiff did not return any completed Summonses and Marshal Forms but instead filed the First Motion claiming he had been denied access to legal materials, including pens and paper.

Because this matter, due to a number of reasons, has been pending for almost ten (10) years it is critical that service be undertaken as soon as possible and without any further delay.  One issue of concern, however, which will further delay service on the remaining

4

defendants, is the employment status of the remaining defendants and what their last known addresses are so that they each can be served. If any of the remaining defendants are currently employed by the New York State Department of Correctional Services and Community Supervision ("DOCCS"), each of them can be served at their current place of employment. If any of them are either separated or retired from employment, only DOCCS would be in a position to know that and what there last know addresses are so that they can be served.

Because a number of years have passed since the filing of the initial Complaint, it is highly unlikely that plaintiff will have current information concerning the employment status of the remaining defendants and, if they are still employed by DOCCS, where they are employed currently for purposes of service. The Court therefore is compelled to request the New York State Attorney General's Office, pursuant to *Valentin*, 121 F.3d at 75, to ascertain the last known addresses of the remaining defendants. If any of the remaining defendants are currently employed by DOCCS, the Attorney General's Office should provide the Court with an address at which they can be served. If any of the remaining defendants are not currently employed by DOCCS, the Attorney General's Office should advise the Court of that so that the Court can direct that the Summons and Second Amended Complaint be forwarded to DOCCS Counsel's Office, who can then forward the documents served to those defendants at their last known addresses.

The Attorney General's Office shall provide the information requested above to the Court's Pro Se Office within **45 days** of receipt of this Decision and Order.

**B. Motions for TRO/Preliminary Injunction and Counsel**

Plaintiff has filed two Motions, both requesting a TRO and preliminary injunction and the appointment of counsel. (Docket Nos. 24-25.) The bases of plaintiff's Motions are primarily that he is being denied legal supplies and library access necessary to prepare and file a Motion to File a Third Amended Complaint, and that just recently one of his draft bags that contains documents related to this action has not been returned to him. Plaintiff also notes that he is scheduled to undergo hernia surgery.

While the Court is fully cognizant of the difficulty plaintiff may be experiencing related to the claimed lack of legal supplies and his missing documents, the Court finds no basis at this time to issue a TRO or preliminary injunction. Initially, the Court notes that because no defendants have been served with the Summons and Second Amended Complaint or the instant Motions, plaintiff is not entitled to *ex parte* temporary injunctive relief under Rule 65(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 65(b); *and see Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985); *Paulsen v. County of Nassau*, 925 F. 2d. 65, 68 (2d Cir. 1991). In the absence of service on any of the remaining defendants and an appearance by one or more of the defendants who would be in a position to provide the relief requested to plaintiff, if ordered by the Court, the Court is not in a position to grant the relief requested, even assuming plaintiff had met the high standards for said relief. By requiring the Attorney General's Office to provide the information necessary for service, the Court is attempting to have service affected as soon as possible. Once service is affected, plaintiff may re-file his Motions for preliminary injunctive relief, if necessary.

In the meantime and in an effort to assist plaintiff with the preparation of a Motion to file a Third Amended Complaint and to keep this case moving forward as best it can, the

Court will direct the Clerk of the Court to forward to plaintiff copies of (1) the Second Amended Complaint (Docket No. 20), (2) the March 31, 2015 Decision and Order (Docket No. 23), (3) the Court's Pro Se Motion Format and Instructions Form (two copies), and (4) the Court's Pro Se Prisoner Civil Rights Complaint Form (two copies).[3]

Plaintiff's Motions for the Appointment of Counsel are also denied at this time as premature because plaintiff has not established that his claims seem likely to be of substance. See *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994) (In deciding whether to appoint counsel, the court should first determine whether the plaintiff's position seems likely to be of substance. If the claims meet this threshold, the court should then consider a number of other factors in making its determination.)

**ORDER**

IT IS HEREBY ORDERED that plaintiff's Motions for a Temporary Restraining Order/Preliminary Injunction and the Appointment of Counsel (Docket Nos. 24-25) are denied without prejudice;

FURTHER, that the New York State Attorney General's Office is requested to ascertain the current employment status of the remaining defendants-- P. Chappius, M. DeLauro, P. Jayne, M. Deburgomaster, J. Squires, J. Litwiler, E. Delaney, T. Morton, T. Hana, M. Miles, Ward, P. Corcoran, S. Wenderline, M. Bradt, L. Hale, Mr. Fitz, J. Whitford, W. Murray, J. Esgrow, D. Selsky and R. Barnard. (Docket No. 23, Decision and Order ("March 31, 2015 Decision and Order"))--and provide current addresses at which those defendants can be served;

---

[3] The Court notes that plaintiff had sufficient supplies to file the two Motions under consideration herein and by forwarding these documents to plaintiff, the Court hopes plaintiff can, at the very least, begin preparation of his Motion to file a Third Amended Complaint.

FURTHER, that the New York State Attorney General's Office is requested to provide the information set forth above to the Court's Pro Se Office within **45 days** of receipt of this Decision and Order;

FURTHER, that the Clerk of the Court is directed to forward to plaintiff copies of (1) the Second Amended Complaint (Docket No. 20), (2) the March 31, 2015 Decision and Order (Docket No. 23), (3) the Court's Pro Se Motion Format and Instructions Form (two copies), and (4) the Court's Pro Se Prisoner Civil Rights Complaint Form (two copies); and

FURTHER, the Clerk of the Court is directed to forward a copy of this Order, the Second Amended Complaint (Docket No. 20) and the March 31, 2015 Decision and Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>.

SO ORDERED.

DATED:   Buffalo, New York
         November  30, 2015

                                      *s/ H. Kenneth Schroeder, Jr.*
                                      H. KENNETH SCHROEDER, JR.
                                      United States Magistrate Judge