UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| GEORGE CHAVIS, | 06-CV-543-WMS-MJR |
| | REPORT, RECOMMENDATION, |
| Plaintiff, | AND ORDER |
| -v- | |
| P. CHAPPIUS, *et al.*, | |
| Defendants. | |

_____

This case has been referred to the undersigned by the Hon. William M. Skretny for all pre-trial matters, including preparation of a report and recommendation on dispositive motions. (Dkt. No. 30). Before the Court is plaintiff George Chavis' letter motion for an "Emergency TRO/Injunction." (Dkt. No. 31). For the following reasons, it is recommended that the motion be denied.

## **BACKGROUND**

Plaintiff George Chavis, an inmate at the Green Haven Correctional Facility, commenced this action in 2006. The claims set forth in Chavis' Second Amended Complaint (Dkt. No. 20) date back to misconduct that allegedly occurred between 2002 and 2012 at three different correctional facilities within the Western District of New York. (*See* Dkt. No. 23 at 4-5.)

On April 28, 2015, Chavis filed a letter with the Court concerning his current medical treatment at Green Haven and requesting an "Emergency TRO/Injunction." (Dkt. No. 31). Specifically, Chavis requests an order (1) terminating "abuse, harassment[,] and 'redneck racism'" by Green Haven prison staff, (2) providing a medical van to transport him to the Montefiore Hospital in Mount Vernon, New York for

treatment, and (3) appointing counsel "to correct the intentional violations" at Green Haven relating to his "medical privacy by prison staff who are not medical professionals . . . ." (*Id.* at 4).

## **DISCUSSION**

The Court will liberally construe Chavis' Letter as a motion for a temporary restraining order. *See* Fed.R.Civ.P. 65(b). "In order to obtain a TRO, plaintiff[ ] must show: (1) that absent such an order, [he is] likely to suffer irreparable harm; and (2) either a likelihood of success on the merits or 'sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the [plaintiff's] favor.'" *Xelus, Inc. v. Servigistics, Inc.*, 371 F. Supp. 2d 387, 389 (W.D.N.Y. 2005) (quoting *In re Feit & Drexler, Inc. v. Drexler,* 760 F.2d 406, 416 (2d Cir. 1985)).

Here, Chavis has not established a likelihood of success on the merits of his claims or sufficiently serious questions going to the merits because his motion does not address, let alone relate to, the underlying claims in his Second Amended Complaint. The claims in the Second Amendment Complaint concern events that allegedly occurred between 2002 and 2012 at three different correctional facilities within this District, not the medical treatment Chavis is currently receiving at Green Haven and that he complains of in his letter motion. Thus, it is recommended that Chavis' motion be denied. *See Allen v. Brown,* No. 96-CV-1599(RSP/GJD), 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying the plaintiff's application for injunctive relief because the allegations in his application were unrelated to the claims in his complaint and, therefore, the plaintiff "failed to establish either a likelihood of succeeding on the merits

of his *underlying claim*, or sufficiently serious questions going to the merits of *such claim* and a balance of hardships tipping decidedly toward" the plaintiff); *Abdul-Jabbar v. West*, No. 05-CV-373F, 2009 WL 2762270, at *9 (W.D.N.Y. Aug. 26, 2009) (same).

If Chavis wishes to seek relief from the alleged abuse, harassment, and denial of adequate medical treatment at Green Haven, he must file an action in the United States District Court for the Southern District of New York, *i.e.*, the District in which Green Haven is located. *See* 28 U.S.C. §§112(b), 1391(b).

## **CONCLUSION**

For the foregoing reasons, it is recommended that Chavis' letter motion requesting an "Emergency TRO/Injunction" (Dkt. No. 31) be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Judge Skretny.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

Dated:  May 10, 2016
        Buffalo, New York

                                        */s/ Michael J. Roemer*
                                        MICHAEL J. ROEMER
                                        United States Magistrate Judge