UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GEORGE CHAVIS,                                        06-CV-543-WMS-MJR
                                                      REPORT, RECOMMENDATION,
                Plaintiff,              AND ORDER

  -v-

PAUL CHAPPIUS, *et al.*,

                Defendants.
_____

This case has been referred to the undersigned by the Hon. William M. Skretny pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters, including the hearing and disposition of non-dispositive motions and the preparation of a report and recommendation on dispositive motions. (Dkt. No. 30). Presently before the Court are plaintiff George Chavis' motions for immediate injunctive relief (Dkt. No. 55) and appointment of counsel (Dkt. No. 56).[1]

## **BACKGROUND**

Plaintiff George Chavis, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action in 2006. The surviving claims in Chavis' Second Amended Complaint (Dkt. No. 20) relate to misconduct that allegedly occurred between 2006 and 2011 at three different DOCCS correctional facilities within the Western District of New York. (*See id.*; *see also* Dkt. No. 49 at 11-13 (Report and Recommendation summarizing remaining claims)).

---

[1] Chavis' motion for immediate injunctive relief also references appointment of counsel (*see* Dkt. No. 55 at 1), but it does not contain any argument in support of such a request.

In his motion for immediate injunctive relief, Chavis states that he was transferred to Southport Correctional Facility ("Southport") on February 17, 2017.  (Dkt. No. 55 at 3).  The motion is somewhat difficult to decipher, but Chavis seems to allege that Southport correction officers threatened and assaulted him soon after he arrived at the facility, and, separately, that the Southport medical staff failed to adequately treat certain medical issues he is experiencing as a result of a "botched" surgery he underwent in 2016.  (*See id.* at 1-3).  Chavis seeks an injunction precluding the officers who allegedly attacked him from entering his housing area, compelling the Southport medical staff to provide him with proper medical treatment, and requiring Southport's mess hall supervisor to issue him "full food trays" three times a day so that he can regain the weight he lost as a result of the botched surgery.  (*Id.* at 6).  By separate motion, Chavis moves for appointment of counsel "due to [his] mandatory need for unbiased and non-prejudice[d] assistance in representing [him] in this claim."  (Dkt. No. 56 at 1).

## **DISCUSSION**

### I.   *Motion for Immediate Injunctive Relief*

The Court will construe Chavis' motion for immediate injunctive relief as a motion for a preliminary injunction.  Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).  "A party seeking a preliminary injunction ordinarily must show:  (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a

balance of hardships tipping decidedly in the movant's favor." *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008). "When the movant seeks a 'mandatory' injunction — that is, as in this case, an injunction that will alter rather than maintain the status quo — [he] must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits." *Id.* (quoting *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 25 (2d Cir. 2004)). The movant must demonstrate a clear or substantial likelihood of success on the merits *of the underlying action*, and the requested injunctive relief "must relate to the allegations contained in the underlying complaint." *Abdul-Jabbar v. West*, No. 05-CV-0373F, 2009 WL 2762270, at *9 (W.D.N.Y. Aug. 26, 2009); *see also Allen v. Brown,* No. 96-CV-1599(RSP/GJD), 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying plaintiff's application for injunctive relief because the allegations in his application were unrelated to the claims in his complaint and, therefore, plaintiff "failed to establish either a likelihood of succeeding on the merits of his *underlying claim*, or sufficiently serious questions going to the merits of *such claim* and a balance of hardships tipping decidedly toward" plaintiff). Additionally, "[i]n the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997).

Preliminary injunctive relief is not warranted here because Chavis has not explained how his request for preliminary injunctive relief relates to the claims asserted in his Second Amended Complaint. The assault at issue in Chavis' motion occurred more than ten years after the assault alleged in the Second Amended Complaint. (*See* Dkt. No. 49 at 11) (describing the alleged 2006 assault). Chavis' motion fails to specify exactly who committed the most recent assaults and how these assaults relate to the one alleged

in the Second Amended Complaint, if at all.  With regard to Chavis' request for medical treatment in connection with the botched surgery, the request is unrelated to Chavis' underlying claims because those claims concern events that allegedly occurred between 2006 and 2011, while the botched surgery is alleged to have occurred in 2016.  As a result, Chavis has not demonstrated a substantial likelihood of success on the merits of his underlying claims, and it is recommended that his motion for immediate injunctive relief be denied on this basis.

II.   *Motion for Appointment of Counsel*

Chavis also moves for appointment of counsel.  (Dkt. No. 56).  In connection with the defendants' pending motion to dismiss (Dkt. No. 40), the Court denied two other motions for appointment of counsel filed by Chavis, but did so without prejudice to renewal "[a]fter the parties have undertaken discovery and/or substantive dispositive motions are filed . . ., at which time the Court may be better able to determine whether such appointment is warranted."  (*See* Dkt. No. 49 at 15-16 (Report and Recommendation on Docket Items 38 & 43); Dkt. No. 57 (Order accepting Report and Recommendation as it relates to Docket Items 38 & 43)).  Because the defendants' motion to dismiss remains pending before Judge Skretny (*see* Dkt. No. 57), the parties have not begun conducting discovery, and the Court is in no better position to assess whether appointment of counsel is warranted at this time.  Accordingly, Chavis' motion for appointment of counsel is denied without prejudice.[2]

---

[2] Chavis' motions also appear to object to the Court's recommended dismissal of defendants "Mr. Fitz" and "Mr. Ward."  (*See* Dkt. No. 49 at 9-10, 17).  The Court notes that its recommended dismissal of these two defendants remains pending before Judge Skretny, who will issue a separate Decision and Order regarding the recommendation.  (*See* Dkt. No. 57).

- 4 -

**CONCLUSION**

For the foregoing reasons, it is recommended that Chavis' motion for immediate injunctive relief (Dkt. No. 55) be denied.  Chavis' motion for appointment of counsel (Dkt. No. 56) is denied without prejudice.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report, Recommendation, and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Skretny, any objections to this Report, Recommendation, and Order must be filed with the Clerk of Court within fourteen days of service of this Report, Recommendation, and Order in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72.  Any requests for an extension of this deadline must be made to Judge Skretny.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation, and Order WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.***  *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance.  *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and

- 6 -

shall be supported by legal authority." **_Failure to comply with these provisions may result in the District Court's refusal to consider the objection._**

**SO ORDERED.**

Dated:   December 14, 2017
         Buffalo, New York

                                              _/s/ Michael J. Roemer_
                                              MICHAEL J. ROEMER
                                              United States Magistrate Judge